**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |  |
|---|---|---|---|
| MELANIE FAIL, | : | | |
| | : | | |
| Plaintiff, | : | C.A. No.: \_\_\_\_2:26-cv-05463\_\_\_\_ | |
| | : | | |
| v. | : | ***TRIAL BY JURY DEMANDED*** | |
| | : | | |
| UNITED PARCEL SERVICE, INC., | : | | |
| | : | | |
| Defendant. | : | | |
| | : | | |

**COMPLAINT**

Plaintiff, Melanie Fail, by and through her undersigned attorneys, files the within Complaint *WITH DEMAND FOR TRIAL BY JURY* and avers as follows:

**I.      INTRODUCTION**

1.      Plaintiff, Melanie Fail, was an employee of Defendant, United Parcel Service, Inc. ("UPS"); she attained the role of Full-Time Supervisor at the UPS Philadelphia Airport location ("UPS-PHL").  Ms. Fail lawfully requested and used leave pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (the "FMLA").  On September 24, 2024, Plaintiff was unlawfully terminated in violation of the FMLA.  This has caused Plaintiff great financial harm. Plaintiff seeks all damages available to her under the FMLA, including backpay, front pay, liquidated damages, attorney's fees and costs, and equitable relief.

**II.      PARTIES, JURISDICTION & VENUE**

2.      Plaintiff is an adult individual residing at 4401 Edgemont Ave., Apt. 3, Brookhaven, PA 19015.

3.      Defendant UPS is a Georgia corporation with its principal place of business at 55 Glenlake Pkwy., Atlanta, GA 30328.

4.      Plaintiff is an "employee" entitled to FMLA protections.  At all times material, Plaintiff had been employed by UPS for at least 12 months and had worked at least 1,250 hours during the previous 12-month period.

5.      UPS is an "employer" covered by the FMLA.  UPS is engaged in commerce and employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the applicable calendar year.

6.      This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 over claims arising under the FMLA.

7.      Venue is appropriate in this Court because the relevant transactions/occurrences were at UPS-PHL in Philadelphia, Pennsylvania.

## III.    FACTS

8.      Plaintiff began her employment with UPS-PHL on September 14, 2015 at PIA. Her work history was excellent. She advanced through the ranks and, in or about April 2022, was promoted to Full-Time Supervisor.

9.      Full-Time Supervisor is a high-ranking position at UPS-PHL.  Plaintiff earned this through hard work and dedication.  Her performance history in the years prior to the unlawful conduct of Defendant consistently met or exceeded expectations.

10.     On or about September 12, 2023, Plaintiff sustained a serious injury to her left ankle.  It required surgery.

11.     Plaintiff applied for and obtained FMLA leave for the surgery and its recovery.

12.     Defendant approved FMLA leave for Plaintiff.

13.     Plaintiff lawfully used FMLA leave from on or about September 12, 2023 through on or about December 18, 2023.

14.     Immediately upon her return, Defendant, through its supervisory employees who create *respondeat superior* liability on UPS, reassigned Plaintiff to less desirable positions; assigned Plaintiff to work every Saturday (instead of rotating Saturdays, as was the case for comparators); and began to unfairly scrutinize and criticize Plaintiff's work.

15.     Despite this adversity, Plaintiff continued to perform her duties well.

16.     However, Defendant unfairly reviewed Plaintiff and inaccurately described her work as unsatisfactory.

17.     On September 24, 2024, Defendant terminated Plaintiff's employment.

18.     Plaintiff's termination was a direct and proximate result of Defendant's retaliatory animus under the FMLA.  In addition, or in the alternative, Plaintiff's use of FMLA was a "negative factor"; "determinative factor"; "motivating factor"; "pretextual"; and/or part of a "mixed motive" to terminate Plaintiff.

19.     Defendant's adverse actions against Plaintiff were in willful violation of the FMLA.

20.     At all times material, Plaintiff has mitigated, and continues to mitigate, her damages.  However, and despite her reasonable efforts under the circumstances to reduce her damages, Plaintiff has earned, and continues to earn, substantially less than her salary as a UPS employee.

21.     As a direct and proximate result of Defendant's misconduct, Plaintiff suffered injury in the form of lost wages, lost stock options, lost benefits, and other financial harm compensable under FMLA.

## IV.     CAUSES OF ACTION

### COUNT I – FMLA Retaliation

22.     Repeats and realleges the foregoing as if set forth at length herein.

23.     Plaintiff lawfully and properly engaged in FMLA protected activity.  *See supra.*

3

24.     Defendant retaliated against Plaintiff for exercising her FMLA rights by adversely changing the conditions of employment (as described *supra*) and ultimately terminating Plaintiff on September 24, 2024.

25.     Defendant's retaliatory actions were intentional, willful and/or knowing violations of Plaintiff's FMLA rights.

26.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages compensable under the FMLA.

## V.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Defendant for all monetary and equitable relief available to her under the FMLA, including:

a) Back pay, including lost wages, benefits and other compensation;
b) Front pay, including lost wages benefits and other compensation
c) Liquidated damages available under the FMLA;
d) Pre-and post-judgment interest;
e) Reasonable attorney's fees and costs to enforce Plaintiff's FMLA rights;
f) Equitable relief, including but not limited to reinstatement to her prior position; and
g) Such other relief as this Court deems just and proper.

Respectfully submitted,

CREECH & CREECH, LLC

/s/ Timothy P. Creech
TIMOTHY P. CREECH
1835 Market St., Suite 2710
Philadelphia, PA 19103
(215) 575-7618; Fax: (215) 575-7688
Timothy@CreechandCreech.com

DATED:     August 3, 2026

4